IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS EUSEBIO CADEZA ARAGON,

    Petitioner,

v.                                                                                                               No. 2:26-cv-00065-KG-JHR

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Marcos Cadeza Aragon's 28 U.S.C. § 2241 habeas petition, Doc. 1, and Petitioner's motion for a temporary restraining order ("TRO"), Doc. 2. Doc. 14. The Court held a hearing on Petitioner's TRO motion on January 23, 2026, and counsel for both parties were present. Doc. 7. For the reasons below, the habeas petition is granted, and the TRO motion is denied as moot.

## *I.*     *Background*

Petitioner, a 47-year-old Mexican citizen, entered the United States more than two decades ago. Doc. 1 at 20. Petitioner has a wife and three children present in the United States. *Id.* He has worked for the past fifteen years as a kitchen manager at a beach restaurant in Delaware and in construction. Petitioner has previously been charged with driving without "required license and authorization." *Id.* at 21.

U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner without notice or a hearing on November 12, 2025, while he was "leaving a construction worksite in Ocean City, Maryland." *Id.* at 2. He has been detained since then, first in Maryland, then in Texas, and now in New Mexico at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at 3.

Petitioner filed a habeas petition and ex parte TRO motion with this Court on January 14,

2026, arguing that his continued detention violates the Immigration and Nationality Act ("INA") and due process principles. Docs. 1–2. He seeks immediate release or, in the alternative, a bond hearing under § 1226. Doc. 1 at 33.

The Court held a TRO hearing on January 23, 2026. At the hearing, the Government appeared and argued that Petitioner has been afforded multiple bond hearings before an immigration judge ("IJ"), most recently on January 8, 2026. Doc. 1-4 at 2. The Court held the TRO under advisement and later ordered the Government to provide an audio recording and administrative records from Petitioner's January 8 bond hearing. Doc. 10. The Government provided both audio and administrative documents from the January 8, 2026, hearing on February 4 and 5, 2026. Docs. 12, 13. Petitioner was represented by counsel during that hearing, was present in the hearing room, and had an interpreter. Doc. 12. The IJ denied bond for want of jurisdiction and alternatively for Petitioner failing to prove he would not be a flight risk. *Id.*

## II.   *Standard of Review*

Federal courts have jurisdiction to review habeas petitions filed by noncitizen detainees alleging "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "[H]abeas relief is available only in the district of confinement." *Gamez Lira v. Noem*, 2025 WL 2581710, at *2 (D.N.M.).

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in

the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors [must] weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. Appx 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether…notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

## II.     Analysis

For the reasons below, (A) Petitioner's habeas petition is granted, and (B) Petitioner's TRO motion is denied as moot.

### A.     *The habeas petition is granted.*

The Court, grants Petitioner's habeas petition. The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Title 8 U.S.C. 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, 8 U.S.C. § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*,

2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across 50 courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies to noncitizens "*seeking* admission." (Emphasis added.) Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission" and fall under § 1226. *Pu Sacvin*, 2025 WL 3187432, at *3.

      Under this framework, § 1226 governs Petitioner's detention. ICE arrested Petitioner approximately two decades after his initial entry into the United States. Doc. 1. ICE did not apprehend him at the border, but within the U.S. while he was driving from a construction site. *Id.* Section 1225's mandatory detention provision therefore does not apply because Petitioner effected entry by living in the United States for approximately two decades. *Pu Sacvin*, 2025 WL 3187432, at *3. He is therefore not seeking admission and is entitled to a predeprivation bond hearing under § 1226. Because he did not receive that predeprivation hearing, the Court concludes that the proper remedy in this case is a bond redetermination hearing in which the Government, not Petitioner, bears the burden to prove, by clear and convincing evidence, that Petitoiner is a flight risk or danger to the community. While "under normal circumstances," the burden at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted— Petitioner's "unlawful detention...shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

4

### B. *The TRO motion is denied as moot.*

Because the Court grants the habeas petition and orders a prompt hearing within 7 days, the TRO motion is denied as moot without prejudice, as preliminary injunctive relief is no longer necessary.

### III. *Conclusion*

Petitioner's § 2241 habeas petition (Doc. 1) is granted, and Petitioner's TRO motion (Doc. 2) is denied as moot.

The Government shall provide Petitioner with a prompt bond hearing under § 1226 within seven days of this Order. At the hearing, the Government bears the burden to prove, by clear and convincing evidence, that Petitioner's detention is justified. At any such hearing, the Government shall provide Petitioner with sufficient notice of the hearing, including to his counsel, and adequate access to an interpreter.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. Garcia Sanchez with a bond hearing or released him.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.