IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS EUSEBIO CADEZA ARAGON,

    Petitioner,

v.                                         No. 2:26-cv-00065-KG-JHR

TODD LYONS, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Marcos Aragon's Motion to Enforce Judgment, Doc. 19, the Government's Response in Opposition, Doc. 21, and Petitioner's Reply, Doc. 22. For the reasons below, the Court denies the motion.

### I. *Background*

Petitioner, a 47-year-old Mexican citizen, entered the United States more than two decades ago. Doc. 1 at 20. Petitioner has a wife and three children in the United States. *Id.* He has worked for the past 15 years as a kitchen manager at a beach restaurant in Delaware. *Id.* at 1.

U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on November 12, 2025, while he was "leaving a construction worksite in Ocean City, Maryland." *Id.* at 2. He has been detained since then, first in Maryland, then in Texas, and now in New Mexico at the Otero County Processing Center. *Id.* at 3.

The Court issued a Memorandum Opinion and Order, Doc. 17, granting Petitioner's habeas petition and finding that his detention violated the Immigration and Nationality Act. Doc. 17 at 5. The order mandated the Government to provide Petitioner with a bond hearing within

seven days. [1]  *Id.*  At that bond hearing, the Government was required to bear the burden to justify Petitioner's continued detention.  *Id.*  The Court also required that the Government to provide Petitioner "with sufficient notice of the hearing, including to his counsel, and adequate access to an interpreter."  *Id.*  An immigration judge ("IJ") held a bond hearing within seven days of the Court's order and denied bond.  *See* Doc. 18-1.  The IJ determined that after considering "the totality of the circumstances...DHS has established by clear and convincing evidence that respondent is a flight risk that no amount of bond can cure."  *Id.*

Petitioner now alleges that the "proceeding...that [the Government] characterize[s] as a bond review" "did not comply with the Court's Order."  Doc. 19 at 2.  He argues that the "Government failed to carry the burden by clear and convincing evidence" and that "the Government failed to provide sufficient notice of the sudden bond hearing."  *Id.*  Petitioner clarifies that he "does not seek review of the merits" of the bond hearing and "does not seek to have this Court determine if the IJ's ultimate decision on bond was erroneous" because that "role belongs to the BIA."  *Id.*  Rather, the parties' briefing disputes whether Petitioner and his counsel received "sufficient notice" of the bond hearing that was contemplated in the Court's prior order. Doc. 17 at 5.

Petitioner's bond hearing was originally set for February 24 at 10:30 a.m.  Doc. 19 at 3. During that hearing, the IJ stated on the record to Petitioner and counsel that he "was not prepared to proceed" because the matter had originally "been assigned to another Immigration Judge."  *Id.*  He rescheduled Petitioner's bond hearing to 1 p.m. the same day.  *Id.*  Petitioner argues that the 1 p.m. hearing, which he says was "suddenly conducted abruptly," did not

---

[1] The Memorandum Opinion and Order denied Petitioner's Motion for a Temporary Restraining Order, Doc. 2, as moot.

comply with the Court's prior order because the Court's order "did not permit a same-day, oral reschedule without written notice to bond counsel." Doc. 19 at 4. The Government responds that Petitioner fails to "allege that he, or his counsel, were impacted in any way by the hearing being held over into the afternoon." Doc. 21 at 2. In addition, the Government argues that neither "Petitioner...or his counsel, were impacted in any way by the hearing being held over into the afternoon." *Id.*

## II.    Analysis

The Court concludes that the bond proceeding conducted by the IJ complied with its prior order, Doc. 17. Petitioner and his counsel were both present at the original, 10:30 a.m., bond hearing on February 24, 2026. *See* Doc. 19 at 3. Petitioner and his counsel were also present at the rescheduled, 1:00 p.m., bond hearing. *Id.* at 4. While the Court's prior order required "sufficient notice" of the bond hearing, the Court did not articulate any requirement that the notice to Petitioner or his counsel be in writing, nor did the Court require a specific amount of time to be provided for notice. *See* Doc. 17 at 5.

Petitioner's counterarguments are unpersuasive. Petitioner argues that because "bond counsel did not receive written notice...no lawful hearing occurred." Doc. 22 at 4. Not so. The fact that Petitioner and his counsel were both present at the rescheduled bond hearing demonstrates that the IJ provided sufficient notice to the parties. Challenges to the ultimate conclusion of whether or not to grant bond to a noncitizen belong with the Board of Immigration Appeals. *See* 8 U.S.C. § 1226(e); *see also* Doc. 22-1 (Receipt of Petitioner's appeal to the Board of Immigration Appeals).

## III.    Conclusion

For the reasons above, Petitioner's Motion to Enforce Judgment, Doc. 19, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.